

FILED

JUL 1 6 2018

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division
### In Admiralty

BUNGE S.A.,

    Plaintiff,

v.

PACIFIC GULF SHIPPING
(SINGAPORE) PTE LTD.,

    Defendant.

Civil Action No.: 2:18cv375

## VERIFIED COMPLAINT

Plaintiff Bunge S.A. (hereinafter referred to as "Bunge" or "Plaintiff"), by counsel, for its Verified Complaint against Pacific Gulf Shipping (Singapore) PTE LTD (hereinafter referred to as "Pacific Gulf" or "Defendant"), alleges as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333. Plaintiff brings this action to recover for breach of a time charter party, a maritime contract, for the vessel MV SUPRASTAR ("Suprastar").

2.    Plaintiff brings this action pursuant to Federal Rules of Civil Procedure, Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"), seeking an order and Writ of Attachment for, *inter alia*, a garnishee in this District wherein it is believed that bunkers or monies or other assets of Defendant are presently located onboard the vessel MV SANKO FORTUNE ("Sanko Fortune"), which arrived in this District on or about July 14, 2018. Accordingly, venue is proper.

3.    This proceeding is brought to secure personal jurisdiction over Defendant.

## PARTIES

4.     At all times material to this action, Plaintiff was, and still is, a foreign company with a principal place of business at Route de Florissant 13, 1211 Geneva 12, Switzerland.

5.     Upon information and belief, Defendant is an exempt private company or other business entity organized and existing pursuant to the laws of Singapore, with its registered office at 10 Anson Road, #16-06, International Plaza, Singapore (079903). Defendant is not present within the jurisdiction of the Court.

## BACKGROUND FACTS

6.     Plaintiff, disponent owner of the Suprastar, chartered the vessel to Defendant pursuant to a time charter New York Produce Exchange form dated January 1, 2018 (the "Time Charter").

7.     The Time Charter is a maritime contract.  A copy of the Time Charter is attached hereto as Exhibit A.

8.     Pursuant to Clause 4 of the Time Charter, Defendant was to pay a daily hire rate of $15,000, payable 15 days in advance.  Defendant has not paid the daily hire rate since May 8, 2018 and has failed to pay other charges for which it is responsible, including bunkers, insurance, vessel security costs and cleaning.

9.     On May 15, 2018, Plaintiff received an e-mail from Defendant's charter broker stating that Defendant was unable to pay due to financial hardship resulting from an excessive stay of the vessel in Chittagong. A copy of the e-mail is attached hereto Exhibit B. In this email, Defendant admits that the payment is "delayed but not denied by charterers."

10.     Defendant presently owes Plaintiff $715,234.18 for the above-referenced

breach of the Time Charter. The Provisional Hire Statement showing the net amount owed to Plaintiff by Defendant up to July 20, 2018 is attached as Exhibit C. Because Defendant has not yet redelivered the Suprastar to Plaintiff, additional charges may accrue if Defendant does not redeliver the vessel by July 20, 2018.

11.    The foregoing claim relating to the sum due under the Time Charter is a maritime claim.

12.    Defendant has breached its obligations under the Time Charter, and despite repeated demands, has failed to remit payment to Plaintiff in the minimum amount of $715,234.18. That sum does not include interest, attorneys' fees and costs, which are recoverable under English law which governs the Time Charter.

## ARBITRATION

13.    Pursuant to Clause 84 of the Time Charter, disputes between the parties are to be submitted to arbitration in London.

14.    On July 13, 2018, Plaintiff commenced an arbitration proceeding in London to recover damages for Defendant's breach of the Time Charter. Notice was sent to Defendant. A copy of the Notice is attached hereto as Exhibit D.

15.    In that arbitration, Plaintiff seeks to recover the foregoing damages.

16.    Interest, costs and attorneys' fees, to be calculated at the conclusion of the arbitration, are routinely awarded to the prevailing party under English law.

## RULE B ATTACHMENT

17.    This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claim for outstanding charter hire, and is in aid of the arbitration proceeding.

18.     Defendant cannot be found within this District within the meaning of Rule B. *See* Declaration of James L. Chapman, IV, at ¶ 5. Upon information and belief, Defendant has assets within this District comprised of bunkers (vessel fuel), payment for bunkers, cash, funds, credits, debts, and/or payments that may be due to Defendant.

19.     Upon information and belief, pursuant to a separate time charter agreement, the MV SANKO FORTUNE is on time charter to Defendant, and will be calling at the port of Norfolk, Virginia, on or about July 14, 2018.

20.     Upon information and belief, the bunkers, or payment for the bunkers, currently located onboard the MV SANKO FORTUNE, are assets of the Defendant, and are or will be located in this District.

21.     At the present time, the total amount sought to be attached pursuant to Rule B by Plaintiff against Defendant is $715,234.18, plus a reasonable allowance for interest, costs and attorneys' fees.

22.     Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B, attaching any assets of Defendant which are held within this District for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claim as described above.

WHEREFORE, Plaintiff respectfully requests the following:

a)     That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which a default may be taken against it for the principal amount of the claim of $715,234.18, plus interest, costs and attorneys' fees;

b)     That since Defendant cannot be found within this District pursuant to

Rule B, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, the bunkers on board the Sanko Fortune, in the amount of $715,234.18, to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B answer the matters alleged in the Complaint;

      c)      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

      d)      That this Court award Plaintiff the attorneys' fees and costs it has incurred in this action; and

      e)      That Plaintiff have such other, further and different relief as the Court deems just and proper.

Dated: July 16, 2018

BUNGE S.A.

James L. Chapman, IV, VSB No. 21983
Steven M. Stancliff, VSB No. 73853
Christine E. Ganley, VSB No. 89188
CRENSHAW, WARE & MARTIN, PLC
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
sstancliff@cwm-law.com
cganley@cwm-law.com

## VERIFICATION BY UNSWORN DECLARATION

I am a partner at the law firm of Crenshaw, Ware & Martin, P.L.C., counsel for the Plaintiff in this matter. I make this certification pursuant to and in compliance with Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Plaintiff is a foreign business entity and there are no authorized officers of the Plaintiff readily available to make this verification and I am authorized to make this verification on its behalf.

I have read the foregoing Verified Complaint and the contents thereof; the same is true and correct to the best of my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. The sources of my information and the grounds of my belief are documents in the possession of my firm and communications made to me by agents of Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 16, 2018 at Norfolk, Virginia

James L. Chapman, IV